HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MASONRY SECURITY PLAN OF WASHINGTON, et al.,

        Plaintiffs,

  v.

JULIAN RADILLA,

        Defendant.

CASE NO. 2:20-00350-RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for default judgment. Dkt. # 9. Having reviewed the submissions, the relevant law, and the record in the case, the Court **GRANTS** the motion.

## II.    BACKGROUND

Plaintiffs Masonry Security Plan of Washington, BAC Local No. 1 Pension Trust, Bricklayers and Trowel Trades International Pension Fund, and Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust (collectively "Plaintiffs" or "the Masonry Trust Funds") are trust funds that provide pension benefits for participating employees and beneficiaries or administer training and

ORDER – 1

apprenticeship programs.  Dkt. # 1 ¶¶ 1.1-1.4.  Plaintiffs filed suit against Defendant Julian Radilla a/k/a Julian Radilla Luna d/b/a 5 Sister Granite Repair ("Defendant" or "Mr. Radilla").

In their complaint ("Complaint"), Plaintiffs allege that on January 17, 2018, Mr. Radilla, the owner of 5 Sister Granite Repair, executed a Compliance Agreement with the International Union of Bricklayers & Allied Craftworkers, Local 2 (the "Union").  *Id.* ¶ 3.1.  Pursuant to the Compliance Agreement, Mr. Radilla agreed to make fringe benefit contributions to the Masonry Trust Funds and be bound by the terms and conditions of their respective trust agreements.  *Id.* ¶ 3.2.  Mr. Radilla's obligations set forth in the agreements include the following:

- Submit his reports by the date specified in the underlying collective bargaining agreement;
- Comply with a request to submit any information, data, or report reasonably relevant to the administration of the trust, including audits, as requested by the trust funds;
- Pay liquidated damages of ten percent for any delinquent contributions or fifteen percent if suit is filed;
- Pay interest of twelve percent; and
- Pay the trust fund's attorney fees, costs of collection, and auditor's fees.

*Id.* ¶ 3.5-3.8.

Following execution of the Compliance Agreement, Mr. Radilla began using employees to perform work subject to the Master Labor Agreements.  *Id.* ¶ 3.9.  He also began his monthly reporting and payment of fringe benefit contributions to the Masonry Trust Funds.  *Id.*  In 2019, Mr. Radilla was selected for a routine audit of his payroll and relevant business records for a review of his compliance with his reporting and payment obligations under the agreements.  *Id.* ¶ 3.10.

ORDER – 2

On September 6, 2019, the Masonry Trust Funds' auditor notified Mr. Radilla of the audit. *Id.* ¶ 3.11. Mr. Radilla failed to respond. *Id.* ¶ 3.12. On October 15, 2019, the issue was referred to counsel. *Id.* Between October and December 2019, three written demands for compliance with the audit were made upon Mr. Radilla. *Id.* ¶¶ 3.13-3.15. He responded only to the second demand by providing "some but not all of the requested documents." *Id.* ¶ 3.14.

Due to his continued failure to respond, Plaintiffs filed this action on March 3, 2020, alleging breach of contract and violation of ERISA and requesting equitable relief through an order compelling Mr. Radilla to fully comply with the audit. *Id.* ¶¶ 4.1-4.8. Mr. Radilla was served with the Complaint on March 10, 2020. Dkt. # 5. Mr. Radilla did not file a response within the 21 days of service as required or thereafter. On May 22, 2020, Plaintiffs filed a motion for entry of a default order. Dkt. # 6. On May 26, 2020, the Clerk of the Court granted the motion. Dkt. # 8. On November 10, 2020, Plaintiffs filed the pending motion for default judgment. Dkt. # 9.

### III.  LEGAL STANDARD

At the default judgment stage, a court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The entry of default judgment under Rule 55(b) is "an extreme measure," and disfavored cases should be decided on their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits a court to enter default judgment when a plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." In moving a court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P.

ORDER – 3

55(b)(2)(B). In determining damages, a court can rely on declarations submitted by a plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010).

Where there is evidence establishing a defendant's liability, a court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). In exercising its discretion on a motion for default judgment, a court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### IV. DISCUSSION

**A. Jurisdiction**

Before entering default judgment, a court must consider whether it has both subject matter and personal jurisdiction over the parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (holding that "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. A judgment entered without personal jurisdiction over the parties is void.") (internal citation omitted). The Court confirms that it has exclusive subject matter jurisdiction under ERISA pursuant to 29 U.S.C. §1132(e)(1). The Court also has personal jurisdiction over Mr. Radilla, a resident of Pierce County, Washington, Dkt. # 1 ¶ 1.6, who was properly served with a summons and a copy of the Complaint on March 10, 2020, Dkt. # 5.

**B. *Eitel* Factors**

ORDER – 4

1   The Court next turns to the *Eitel* factors to determine whether default judgment is warranted. Under the first factor, the Court considers the possibility of prejudice to Plaintiff if default judgment is not granted. "A plaintiff who is denied a default judgment and is subsequently left without any other recourse for recovery has a basis for establishing prejudice." *Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc*, 2020 WL 7227199, at *6 (N.D. Cal. Dec. 8, 2020). Because Mr. Radilla has failed to appear or participate in this litigation, Plaintiff would be without recourse to obtain equitable relief or damages if default judgment is not granted. This factor therefore weighs in favor of granting default judgment.

The second and third *Eitel* factors regarding the merits of the substantive claim and the sufficiency of the complaint are often analyzed together. *Curtis v. Illumination Arts, Inc*., 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). A court must determine if the allegations in the complaint are sufficient to state a claim that supports the relief sought. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978). Under 29 U.S.C. §1132(a)(3), Plaintiffs may bring a civil action as fiduciaries  "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 95 (2013). The Supreme Court has held that under ERISA, the trustees of trust funds, such as the Plaintiffs here, have a fiduciary duty to participants and beneficiaries that validate the need for audits. *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 571 (1985). The Court held that audits are within the authority of trustees under the terms of trust agreements. *Id.*

The Court finds that Plaintiffs' allegations of breach of contract and violation of ERISA are well-pleaded and supported by evidence. Dkt. # 1. Plaintiffs have provided sufficient evidence of the terms of agreement between the parties, as well as Mr. Radilla's failure to comply with the terms of his agreement, including an auditor

ORDER – 5

declaration and multiple unanswered demand letters seeking audit-related materials. *See* Dkt. # 13, Ex. 15-18. The equitable relief sought is appropriate pursuant to § 1132(g)(2)(E), which provides that a court shall award "shall award 'other legal or equitable relief as the court may deem appropriate' in an action to enforce a multiemployer plan in which the fiduciary obtains a favorable judgment." *Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1201 (C.D. Cal. 2018).

The fourth factor, the sum of money at stake, considers whether the amount at stake is disproportionate to the harm alleged. *See .*, 316 F. Supp. 3d at 1201. Here, Plaintiffs seek only equitable relief in the form of an order compelling production of documents for the audit and attorney fees of $5,325 and costs of $559. Dkt. # 9 at 11. The Court finds that the amount requested for attorney's fees, based on a calculation of 21.3 hours at a rate of $250 per hour, is reasonable, as are the costs, which include a filing fee and cost of service. This sum is not disproportionate and weighs in favor of granting default judgment.

Regarding the fifth *Eitel* factor, the possibility of a dispute in the material facts is unlikely. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The Court finds that Plaintiffs have pleaded a sufficiently meritorious claim, which is uncontested. The Court therefore accepts the allegations in the Complaint as true and holds that there is no dispute over material facts. This weighs in favor of default judgment.

The sixth *Eitel* factor similarly weighs in favor of the default judgment. Mr. Radilla's neglect is inexcusable. He received several letters from Plaintiff's counsel – and confirmed receipt when he responded to one of them—informing him of his obligation to provide material for completion of the audit. He was later properly served with a summons and copy of the Complaint through personal service on him. Even if he

ORDER – 6

did not have the documents requested, he could have indicated as much in a response to the Complaint. His failure to appear, respond, or participate in this litigation in any way is inexcusable.

Finally, with respect to the seventh factor, "[a]lthough this factor almost always disfavors the entry of default judgment, it is not dispositive." *Curtis*, 33 F. Supp. 3d 1200 at 1213 (internal quotation marks omitted). Given Mr. Radilla's inexcusable failure to appear, a decision on the merits is impossible. This factor therefore weighs slightly in favor of granting default judgment.

In sum, the Court finds that the *Eitel* factors weigh in favor of granting default judgment here.

### C. Requested Relief

Plaintiffs request equitable relief in the form of an order compelling Mr. Radilla to provide such materials that the Masonry Trust Funds' auditor has testified are necessary to complete the audit. Dkt. # 9 at 11. The Court concludes that Plaintiffs are entitled to such equitable relief as a matter law. *See Central Transport*, 472 U.S. 559; *Anzalone Masonry*, 316 F. Supp. 3d. 1203. Plaintiffs also request attorney's fees in the amount of $5,325 and other costs in the amount of $559. The Court finds that Plaintiffs' evidence supports the requested attorney fee amount, based on a calculation of 21.3 hours of work at the reasonable hourly billing rate of $250. Dkt. # 13, Ex. 19. Costs based on the filing fee of $400 and service of process cost of $159 are also granted to Plaintiffs.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment. Dkt. # 9. The Court **ORDERS**:

1. Plaintiffs are entitled as a matter of law to audit the payroll and related business records of Defendant Julian Radilla, as set forth in the applicable trust agreements to which Defendant is party and pursuant to *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 105, S. Ct. 2833, 86 L. Ed. 2d 447 (1985).

ORDER – 7

2. Defendant is ordered to promptly provide the following documents to Plaintiffs' counsel or their auditor for the period January 1, 2018 through September 30, 2019:

    a. Individual payroll records for all employees;

    b. Employee roster listing all employees, with hire or position date changes;

    c. State Employer Security Reports;

    d. State Industrial Insurance or Comparable Reports;

    e. Quarterly FICA and Federal Income Tax Reports (Forms 941/941A);

    f. Annual Federal Unemployment Reports (FUTA 940);

    g. Labor Contracts – plus any addendums or supplements, if applicable; and

    h. Payroll or accounts payable records for temporary agency personnel or subcontractors.

3. Plaintiffs are awarded reasonable attorney fees of $5,325.00 and costs of $559.00 pursuant to 29 U.S.C. §1132(g).

The Clerk of Court is directed to enter judgment consistent with this order.

DATED this 13th day of August, 2021.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 8